IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ZACK ELDRED JR. | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-12 |
| SHERIFF JAMES PRINCE, ET AL. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Zack Eldred Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Bowie County Sheriff James Prince, District Attorney Jerry Rochelle, defense attorney Jeff Harrelson, appellate counsel Kristian Young, and District Judge Bobby Lockhart.

**I. The Plaintiff's Claims**

Plaintiff was convicted of continuous sexual abuse of a child in cause no. 11F0762-102, receiving a sentence of life in prison. This conviction was affirmed by the Sixth Judicial District Court of Appeals on March 5, 2014. *Eldred v. State*, 431 S.W.3d 177, 190 (Tex.App.-Texarkana 2014). Plaintiff filed a state habeas application contending his appellate counsel failed to inform him of the affirmance of his conviction. This habeas application was granted and Plaintiff was permitted to file an out of time petition for discretionary review. Plaintiff's petition for discretionary review was denied on August 24, 2016.

In his federal civil rights complaint, Plaintiff asserts that by law a complete affidavit and jurat must be presented to the grand jury before any grand jury proceedings are undertaken. Docket No. 1. These affidavits must be signed by a magistrate, district attorney, and police official.

According to Plaintiff, the indictment in his case, cause no. 11F0762-102, is void, faulty, defective, illegal, and unconstitutional because the Defendants failed to submit a complete affidavit and jurat to the grand jury. Docket No. 1. He claims his sentence, judgment, and conviction are illegal because they are based on the void indictment, in violation of his constitutional rights. *Id*. He asks for immediate release from prison, the setting aside of his sentence, judgment, and conviction, and monetary damages in the amount of $6,000,000. *Id*.

Plaintiff also filed two motions for summary judgment, arguing the Defendants cannot produce a viable copy of the complaint, affidavit and jurat and there is no valid sentence, judgment or conviction because there was no valid affidavit, complaint or jurat, and thus no valid grand jury proceeding. Docket Nos. 3, 10. He asserts this renders the indictment void and the trial court could have never acquired jurisdiction. Docket No. 3.

**II.**
   **The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report stating in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff under 42 U.S.C. §1983 must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*). Because a judgment in Plaintiff's favor would necessarily call into question the validity of his conviction for continuous aggravated sexual assault of a minor, the Magistrate Judge determined Plaintiff must show this conviction has been overturned, expunged, or otherwise set aside before he can proceed in a civil rights lawsuit. Docket No. 13.

The Magistrate Judge further stated Plaintiff's complaint cannot be construed as a habeas corpus application because Plaintiff has not exhausted his state remedies. *Brown v. Anderson*, civil action no. 3:16cv220, 2016 U.S. Dist. LEXIS 70586, 2016 WL 3079801 (S.D.Miss., May 31, 2016) (declining to construe a civil rights lawsuit as a habeas corpus action because the plaintiff had not exhausted his state remedies), *citing Sam v. Louisiana*, 409 F.App'x 758, 2011 U.S. App. LEXIS 2019, 2011 WL 310377 (5th Cir., January 31, 2011).

**III. Plaintiff's Objections**

In his objections to the Report, Plaintiff argues his conviction cannot be set aside, expunged, or otherwise overturned because there is no complaint, affidavit, or jurat on file in state court. Docket No. 16. He asserts he has exhausted his state remedies by filing a motion in state court under Article 39.14 of the Texas Code of Criminal Procedure. *Id*. In response to this motion, the court clerk sent him copies of all of the documents on file in his case, but there was no complaint, affidavit, or jurat.

Plaintiff states he then filed a "fundamental error of the court writ," but the state district court refused to answer it.[1] He contends this should automatically overturn his conviction because there is no complaint, affidavit, or jurat on file and the state district court never acquired jurisdiction.

After requesting this Court to order the state district court to answer his "fundamental error of the Court writ," Plaintiff argues he has exhausted state remedies by writing to the State Bar of Texas asking for a copy of the CAAP form, which he states is a client assistance form sent to his defense counsel Jeff Harrelson so Harrelson would send Plaintiff a copy of the complaint, affidavit, and jurat in the case. Docket No. 17. He states he is suing the Defendants only in their individual capacities, which Plaintiff asserts will overcome any claim of immunity.

**IV. Discussion**

Plaintiff's conviction remains in effect and he is still in confinement under that conviction. His civil rights lawsuit, if resolved in his favor, would call the validity of this conviction into

---

[1]Research has located no cases in Texas or any other United States jurisdiction referring to such a writ.

question. The Magistrate Judge correctly determined Plaintiff must show his conviction has been overturned, expunged, or otherwise set aside in order to maintain a civil rights lawsuit challenging the validity of his conviction. *Heck*, 512 U.S. at 487.

Although Plaintiff argues the trial court lacked jurisdiction and his conviction is therefore void, the *Heck* rule nonetheless applies. *See Bernegger v. Grimmett*, 562 F.App'x 219, 2014 WL 1389004 (5th Cir., April 10, 2014) (*Heck* applied even where plaintiff argued fraud on the court rendered his conviction void). His contention that his conviction cannot be overturned or set aside because there is no complaint, affidavit, or jurat is without merit. *See generally Houston v. State*, 556 S.W.2d 345, 347 (Tex.Crim.App. 1977) (in the absence of jurisdiction, a conviction is a nullity).

The Court lacks jurisdiction to order the state district court to answer Plaintiff's pleadings. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Moreover, Plaintiff's assertion he has exhausted his state remedies lacks merit because Plaintiff fails to show his claims have been presented to and ruled upon by the Texas Court of Criminal Appeals. *See Kittleson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005). The Magistrate Judge correctly determined Plaintiff's lawsuit could not be construed as a habeas corpus application. Plaintiff's objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** to the claims being asserted again until such time as Plaintiff can show his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 14th day of September, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE